**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yesenia Sambrano,<br><br>    Plaintiff,<br><br>v.<br><br>Greg Lauchner, et al.,<br><br>    Defendants. | No. CV-20-01975-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Greg Lauchner and Phillip Moreno's (collectively, "Defendants") Motion to Dismiss. (Doc. 11.) For the following reasons, Defendants' Motion is denied.[1]

## BACKGROUND

Plaintiff Yesenia Sambrano ("Plaintiff") is a Corrections Officer for the Arizona Department of Corrections, Rehabilitation and Reentry ("ADC"). (Doc. 1 ¶ 2.) Plaintiff was one of several officers to guard an inmate during his stay in a hospital. *Id.* ¶ 16. In September 2020, ADC discovered that this inmate had obtained a cell phone while being treated at the hospital. *Id.* ¶ 12. It is a crime to give an inmate a cell phone and for an inmate to obtain one. *Id.* ¶ 13. Defendant Lauchner, who is responsible for overseeing criminal and administrative investigations for the ADC, assigned Defendant Moreno, the criminal investigator responsible for conducting criminal investigations within the ADC,

---

[1] Plaintiff requested oral argument. That request is denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

to conduct a criminal investigation into the incident. *Id.* ¶¶ 5, 8, 14.

During his interview with Plaintiff about the incident, Moreno searched Plaintiff's car, which Moreno could properly search as a condition of Plaintiff's employment. *Id.* ¶¶ 21–24. Moreno saw Plaintiff's cell phone in the car and told Plaintiff he was taking it with him. *Id.* ¶¶ 26–27. ADC policy permits employees to leave their cell phone in their vehicles when they come to work. *Id.* ¶ 25. Plaintiff objected to Moreno taking her phone. *Id.* ¶ 28. Plaintiff alleges that "no policy authorizes ADC to seize materials unless they are illegal contraband" and that her phone was not illegal contraband. *Id.* ¶ 29–30. Moreno then took Plaintiff's phone without a warrant. *Id.* ¶ 31. Nevertheless, in its Motion to Dismiss Defendants assert that Plaintiff consented in writing to the seizure of Plaintiff's material that Defendants thought might be evidence in an investigation. Plaintiff denies the authenticity and/or validity of this consent.

The next day, Moreno obtained a warrant to search the phone. *Id.* ¶ 33. Plaintiff, through counsel, tried to obtain a copy of the warrant and affidavit from Defendants but was denied access. *Id.* ¶¶ 38–43. Eventually, five days after Moreno took the phone, Moreno returned the cell phone to Plaintiff and gave her a copy of the warrant. *Id.* ¶ 46. Plaintiff further alleges that Defendants have not returned and filed the warrant with the court. *Id.* ¶ 54.

On October 10, 2020, Plaintiff filed suit against Defendants Lauchner and Moreno for violation of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff alleges that Defendants unlawfully seized her cellphone without a warrant or other legal justification. *Id.* ¶¶ 61–62. Defendants now move to dismiss Plaintiff's Complaint on qualified immunity grounds.

## DISCUSSION

### I. Motion to Dismiss

#### a. Legal Standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than a "formulaic recitation of the

elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

### b. Analysis

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). "'Clearly established' means that, at the time of the officer's conduct, the law was 'sufficiently clear that every reasonable official would understand that what he is doing' is unlawful." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (quoting *al-Kidd*, 563 U.S. at 741). Although the Ninth Circuit does "not require a case directly on point, . . . existing precedent must have placed the statutory or constitutional question beyond debate." *Keates v. Koile*, 883 F.3d 1228, 1239 (9th Cir. 2018) (quoting *al-Kidd*, 563 U.S. at 741). "[I]n an obvious case, [highly generalized] standards can 'clearly establish' the answer, even without a body of relevant case law." *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004).

At the motion to dismiss stage, determining claims of qualified immunity "raises special problems for legal decision making." *Koile*, 883 F.3d at 1234. "If the operative complaint 'contains even one allegation of a harmful act that would constitute a violation of a clearly established constitutional right,' then plaintiffs are 'entitled to go forward' with their claims." *Id.* at 1235 (citing *Pelletier v. Fed. Home Loan Bank of S.F.*, 968 F.2d 865, 872 (9th Cir. 1992)).

The United States Constitution clearly establishes that a "seizure conducted without a warrant is *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Brewster v. Beck*, 859 F.3d 1194, 1196 (9th Cir. 2017) (quoting *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001)). Plaintiff plausibly alleges a violation of a clearly established right because she alleges her phone was seized without a warrant and no reasonable officer, under the circumstances alleged, would believe that an exception to the Fourth Amendment applies.

First, the Complaint does not support the plain-view doctrine as a justification for the seizure. Under the plain view doctrine, "if police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant." *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993). However, if "the police lack probable cause to believe that an object in plain view is contraband without conducting some further search of the object," the plain view doctrine does not justify the search. *Id.* Here, Plaintiff alleges that ADC permits employees to leave their cell phones in their vehicles. The Complaint provides no other basis for Moreno to reasonably believe that Plaintiff's cell phone, itself, was contraband.

Second, the workplace exception to the warrant requirement is not applicable. To invoke this exception, a government employer must conduct the seizure for a "noninvestigatory, work-related purpos[e]" or to investigate workplace misconduct. *City of Ontario v. Quon*, 560 U.S. 746, 757 (2010); *O'Connor v. Ortega*, 480 U.S. 709, 725–26 (1987) (plurality opinion). Under this exception, the search or seizure is judged by a standard of reasonableness. *Ortega*, 480 U.S. at 725–26. However, this standard is not applicable when a workplace investigation is also a criminal investigation. *United States v. Jones*, 286 F.3d 1146, 1151 (9th Cir. 2002). In *United States v. Taketa*, the Ninth Circuit explained that this standard did not apply when an "investigation [ ] changed from an internal affairs investigation into a criminal investigation." 923 F.2d 665, 675 (9th Cir. 1991). Accordingly, as Plaintiff alleges that the seizure was pursuant to a criminal

investigation, the workplace exception does not apply.

Third, the Complaint does not support spoliation of evidence as a justification for the warrantless seizure. (Doc. 11 at 7.) The allegations in the Complaint do not show that the officers had sufficient grounds to believe that there was evidence of a crime on Plaintiff's phone.

Finally, the Complaint does not provide grounds for a reasonable officer to believe that the consent exception applies. The standard for the scope of an individual's consent is "that of 'objective' reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the [person giving consent]?" *Florida v. Jimeno*, 500 U.S. 248, 251 (1991). The Complaint alleges that ADC policy allows searches as a condition of employment but does not authorize seizure unless the object is illegal contraband. There are no allegations in the Complaint that indicate Plaintiff's cell phone was illegal contraband. Section 3.2.7 of the ADC policy manual does not establish consent either. The policy states that "[s]earches of employees may be conducted as part of an *administrative investigation* involving allegations of employee misconduct. The employee may be required to provide physical evidence, statements or testimony." (Doc. 11, Ex. D) (emphasis added).[2] As Moreno took Plaintiff's phone during a criminal investigation, this rule clearly does not apply. Additionally, there are no allegations that Plaintiff gave verbal permission for Moreno to take the phone.

Defendants assert that Plaintiff consented to the seizure because she signed consent forms. *Id.* Ex. B, C. However, the Court cannot consider these forms in ruling on the motion to dismiss. A document not attached to a complaint may be considered "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The "mere

---

[2] Federal Rule of Evidence 201(b) provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." As the ADC manual is a public document available on a government website and neither party disputes its authenticity, judicial notice is appropriate. *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010).

mention" of the existence of a document is insufficient. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Plaintiff does not refer extensively to either consent form in her Complaint, or in the attachments to her Complaint, and neither of the forms establish the basis for her claim that Defendants unlawfully seized her cell phone. Additionally, Plaintiff contests the validity of the consent form in Exhibit B. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (stating that a court may consider a document not attached to a complaint on a motion to dismiss if neither party disputes its authenticity). Without consideration of the consent forms, the factual record is too underdeveloped for qualified immunity to apply at this stage of the litigation. Therefore, Plaintiff's allegations survive a motion to dismiss.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants Greg Lauchner and Phillip Moreno's Motion to Dismiss (Doc. 11) is **DENIED.**

Dated this 24th day of March, 2021.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge